UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR TUCKER,

                                     Case No.: 6:13-cv-1542-Orl-22GJK

    Plaintiff,

v.

CORINTHIAN COLLEGES, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Oscar Tucker, by and through his undersigned counsel, and hereby files his Amended Complaint against the Defendants, Corinthian Colleges, Inc., a Florida corporation, d/b/a WyoTech (referred to herein as "Corinthian Colleges") and states:

### INTRODUCTION

1. This is an action by Plaintiff, Oscar Tucker, against his former employer the Defendant, Corinthian Colleges, for unlawful discriminatory termination under *Title VII of the Civil Rights Act of 1964*.

### JURISDICTION

2. Jurisdiction is specifically conferred on the Court by *42 U.S.C. Section 2000e-5*. Equitable and other relief are also sought under *42 U.S.C. Section 2000e-(g)*.

3. This is an action for damages which exceeds the sum of Fifteen Thousand Dollars ($15,000.00), not including reasonable attorney's fees and costs associated with this action, which are part of this action.

## VENUE

4. At all times material, Plaintiff, Oscar Tucker, resided in Daytona Beach, Volusia County, Florida.

5. At all times material, the Defendant, Corinthian Colleges, was a corporation licensed to conduct business in the State of Florida, which owned and operated an educational facility named WyoTech, in Ormond Beach, Volusia County, Florida.

## FACTUAL ALLEGATIONS

6. On or about June 8, 2009, the Defendant, Corinthian Colleges, hired Plaintiff, Oscar Tucker, for the position of Instructional Support Technician.

7. On or about May 9, 2010, the Defendant, Corinthian Colleges, promoted Plaintiff, Oscar Tucker, to the position of Instructor.

8. On or about May 15, 2011, the Defendant, Corinthian Colleges, promoted Plaintiff, Oscar Tucker, to the position of Faculty II.

9. During his employment with the Defendant, Corinthian Colleges, Plaintiff, Oscar Tucker, received numerous accolades and awards.

10. Plaintiff, Oscar Tucker, and his wife, Zora Tucker, also operated a transportation company which provided students of the Defendant, Corinthian Colleges, with rides to and from WyoTech.

11. The Defendant, Corinthian Colleges, approved, recommended, and facilitated the use of the Plaintiff, Oscar Tucker and Zora Tucker's transportation company.

12. On or about April 27, 2012, an employee from the Administrative Office at

WyoTech contacted Plaintiff, Oscar Tucker, requesting transportation for three (3) of its students to Orientation scheduled the following day.

13. On or about April 28, 2012, Plaintiff, Oscar Tucker, departed at approximately 6:30 a.m., to retrieve the first student, Reanna Henshaw.

14. At approximately 7:30 a.m., Plaintiff, Oscar Tucker, arrived at the residence of Reanna Henshaw.

15. Plaintiff, Oscar Tucker, attempted to retrieve the two (2) additional students but, upon arrival, learned they previously departed.

16. At approximately 8:00 a.m. Plaintiff, Oscar Tucker, arrived at WyoTech with Reanna Henshaw.

17. After leaving WyoTech, Plaintiff, Oscar Tucker, drove to McDonald's where he intended to remain until Orientation concluded.

18. Acknowledging he had time to spare before Orientation concluded, Plaintiff, Oscar Tucker, returned home.

19. Plaintiff, Oscar Tucker, started repairing his truck including, but not limited to, replacing the brakes.

20. At approximately 11:15 a.m., Reanna Henshaw telephoned Plaintiff, Oscar Tucker requesting a ride to her residence.

21. During this telephone conversation, Plaintiff, Oscar Tucker, informed Reanna Henshaw his truck was inoperable due to the brake repairs. He recommended she locate alternative transportation.

22. Oscar Tucker informed Reanna Henshaw if she could not locate alternative

transportation he would have to use his motorcycle. Reanna Henshaw indicated her willingness to ride on his motorcycle.

23. At approximately 1:45 p.m., Plaintiff, Oscar Tucker, arrived at Reanna Henshaw's residence in DeLand, Florida.

24. Reanna Henshaw subsequently asked Plaintiff, Oscar Tucker, if she could drive his motorcycle. She subsequently attempted to drive his motorcycle.

25. The motorcycle began to topple so Plaintiff, Oscar Tucker, caught her and the motorcycle.

26. Immediately after, Reanna Henshaw made several suggestive advances upon the Plaintiff, Oscar Tucker, including, but not limited to, stating she likes to date black men and that her last boyfriend was black. Oscar Tucker spurned her suggestive advances. She invited him into her residence for an alcoholic beverage which he declined.

27. At approximately 2:15 p.m., Plaintiff, Oscar Tucker, departed from Reanna Henshaw's residence.

28. Inexplicably, on or about May 1, 2012, Reanna Henshaw filed a written report with the Defendant, Corinthian Colleges, falsely accusing Oscar Tucker of making inappropriate sexual advances.

29. On or about May 1, 2012, Chris Barton, Vice President of the Defendant, Corinthian Colleges, WyoTech campus, conducted a meeting with Plaintiff, Oscar Tucker regarding this matter.

30. During this meeting, Chris Barton questioned Plaintiff, Oscar Tucker, regarding the allegations by Reanna Henshaw. Oscar Tucker disputed the false accusations by Reanna

Henshaw.

31. Confirming his belief in innocense of Plaintiff, Oscar Tucker, Chris Barton informed him that he had "Nothing to worry about," and would be "Okay."

32. Following the meeting with Chris Barton, other instructors and faculty member at WyoTech started discussing this matter between themselves as well as other students.

33. Plaintiff, Oscar Tucker, remained on faculty at WyoTech until May 14, 2012.

34. Prior to May 14, 2012, Reanna Henshaw continued to attend classes instructed by Plaintiff, Oscar Tucker.

35. Additionally, Reanna Henshaw continually sought after-class tutoring from Oscar Tucker.

36. On May 14, 2012, Defendant, Corinthian Colleges, terminated Plaintiff, Oscar Tucker, based upon the false accusations by Reanna Henshaw.

37. The Defendant, Corinthian Colleges, retained Roy McCorkle, a white male instructor, despite several serious allegations made by students, including, but not limited to, inappropriately fraternizing with students; electing alternatively to give him verbal and written warnings.

38. On or about June 29, 2012, Plaintiff, Oscar Tucker, filed a "Discrimination Statement" with the United States Equal Employment Opportunity Commission.

39. Subsequently, on or about May 13, 2013, Plaintiff, Oscar Tucker, received a "Notice of Suit Rights" from the United States Equal Employment Opportunity Commission. The "Notice of Suit Rights" is attached hereto and incorporated herein as *Exhibit "A."*

40. Plaintiff, Oscar Tucker, has retained The Harr Law Firm and Pappas & Russell to

represent him in this matter and has agreed to pay said firms a reasonable attorney's fee for their service.

41. All conditions precedent to the filing of this action have occurred or been waived.

## *COUNT I*

## *UNLAWFUL DISCRIMINATORY TERMINATION*

## *BY CORINTHIAN COLLEGES UNDER TITLE VII*

42. Plaintiff, Oscar Tucker, realleges and incorporates in this Count the factual allegations contained in paragraphs one (1) through forty-one (41).

43. The adverse tangible employment action, termination, taken by the Defendant, Corinthian Colleges, against Plaintiff, Oscar Tucker, was based solely on his race.

44. The actions described above taken by the Defendant, Corinthian Colleges, were deliberate, intentional, and malicious, or in the alternative were undertaken with reckless disregard for the civil rights of Plaintiff, Oscar Tucker.

45. The Defendant, Corinthian Colleges, is liable for its adverse tangible employment actions taken against Plaintiff, Oscar Tucker.

46. As a further direct and proximate result of the wrongful acts of the Defendant, Corinthian Colleges, Plaintiff, Oscar Tucker, has in the past sustained and in the future will sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Oscar Tucker, demands judgment against the Defendant, Corinthian Colleges, Inc., in an amount exceeding Fifteen Thousand Dollars ($15,000.00), , plus reasonable attorney fees and costs of court and any other relief this Court deems just and proper.

## *JURY TRIAL*

47. A trial by jury is demanded on all issues triable

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been (or will be)filed electronically with the Clerk of Court by using the CM/ECF system to: Alejandro G. Ruiz, Esquire, Payne & Fears, LLP, 4 Park Plaza, Suite 1100, Irvine, California 92614(*Co-Trial Counsel for Defendants, Corinthian Colleges, Inc.*), and Patrick M. Mosley, Esquire, Hill Ward Henderson, 101 East Kennedy Boulevard, Suite 3700, Tampa, Florida 33602, on this 4th day of April, 2014.

Respectfully submitted,

   */s/ Jason L. Harr*
**JASON L. HARR**
Florida Bar No.: 0194336
**THE HARR LAW FIRM**
1326 South Ridgewood Avenue
Suite One
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
Office telephone: (386) 226-4866
Office telefax: (386) 226-4886
**CO-COUNSEL FOR PLAINTIFF
OSCAR TUCKER**

**DAVID RUSSELL**
Florida Bar No.: 444911
**PAPPAS & RUSSELL**
213 Silver Beach Avenue
Daytona Beach, Florida 32118
Email: drussell@pappasrussell.com

              Office telephone:  (386) 254-2941
              Office telefax: (386) 238-0350
              **CO-COUNSEL FOR PLAINTIFF**
              **OSCAR TUCKER**

ATTACHMENT
  Exhibit "A" - Notice of Right to Sue